IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EMMA BLACKWELL** and **BETSY FISHMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**FIRST IMPRESSION INTERACTIVE, INC.,** a Illinois corporation,<br><br>*Defendant*. | Case no.<br><br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Emma Blackwell ("Blackwell") and Plaintiff Betsy Fishman ("Fishman") bring this Class Action Complaint and Demand for Jury Trial against Defendant First Impression Interactive, Inc. ("First Impression" or "Defendant") to stop First Impression from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited, autodialed text messages to consumers, including to consumers whose phone numbers are registered on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by First Impression's conduct. Plaintiffs, for this Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### INTRODUCTION

1. First Impression is a lead generation company that provides leads for online universities, financial aid companies, and other businesses.[1]

2. First Impression provides a number of different kinds of leads for its clients including live transfers and pay-per-call advertising.

---

[1] https://www.linkedin.com/company/first-impression-interactive/about/

3. In order to generate leads for its clients, First Impression markets its clients' goods and services, First Impression engages in unsolicited telemarketing, which includes sending unsolicited marketing text messages.

4. First Impression uses its proprietary autodialer, LeadPath, to send the text messages. However, First Impression does not obtain prior written express consent to send these autodialed text messages before sending them out to consumers.

5. First Impression also sends these text messages to consumers who are registered on the DNC without first obtaining their consent.

6. In Plaintiff Blackwell's case, First Impression sent her 2 unwanted, autodialed solicitation text messages to her cellular phone number despite her number being registered on the DNC.

7. In Plaintiff Fishman's case, First Impression sent her 1 unwanted, autodialed solicitation text message to her cellular phone number.

8. In response to these unsolicited text messages, Plaintiff Blackwell and Plaintiff Fishman are filing this lawsuit seeking injunctive relief to stop Defendant from continuing to violate the TCPA by sending autodialed, unsolicited text messages to consumers' cellular telephone numbers, including phone numbers that are registered on the DNC, as well as an award of statutory damages for members of the Classes and costs.

## PARTIES

9. Plaintiff Blackwell is a Hermitage, Tennessee resident.

10. Plaintiff Fishman is a Gardiner, Maine resident.

11. Defendant First Impression is an Illinois corporation headquartered in Chicago, Illinois. Defendant conducts business nationwide including in this District.

## JURISDICTION AND VENUE

12. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

13. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in Illinois and headquartered in this District, and because the wrongful conduct emanated and/or was directed from this District.

## COMMON ALLEGATIONS

**First Impression Sends Autodialed Text Messages to Consumers Without Consent, Regardless of Whether The Consumers' Phone Numbers Are Registered On the DNC**

14. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to sending autodialed solicitation text messages to cellular telephone numbers such as those of both of the Plaintiffs.

16. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, and that substantively identical texts were sent to multiple recipients, which is consistent with the use of an automatic telephone dialing system to

3

send text messages.

17. In fact, Defendant markets use of its proprietary autodialer to other business.[2] On one of Defendant's website's leadpath.com, First Impression shows clearly that it offers text message marketing to its clients, both for incoming and outgoing text messages:

[3]

18. Jeff Giles, the CEO of First Impression also owns Drops.co,[4] which advertises its "SMS Message Drops."[5]

19. First Impression send marketing messages to consumers from a variety of phone numbers and using a variety of aliases to try to avoid being identified when sending unsolicited text messages to consumer cell phones.

20. Not surprisingly, many consumers have raised concerned about Defendant's unsolicited telemarketing practices:

---

[2] http://www.firstimpression.com/proprietary-technology/leadpath#
[3] https://www.leadpath.com/pricing
[4] https://www.drop.co/blog
[5] https://www.drop.co/

4

- ""This is a telemarketing company that is bordering on harassment! They call me multiple times a day and won't leave me alone!"[6]

- "They have been calling me everyday for weeks."[7]

- "Called back to auto-recording 'first impression interactive' press 2 for do not call list."[8]

- "very annoying calling every 5 minutes"[9]

- "sales representative keeps calling"[10]

- "Did not catch name of company but it was a recording about school finance. Have never applied for loan, told them but still calls day and night."[11]

- "Call comes repeatedly during the day. It shows up Academic Advisor."[12]

- "Ring and hangup. This caller is likely SPAM or SCAM or a little bit of both."[13]

- "no one answers"[14]

- "recording of the day"[15]

- "doesnt pick up"[16]

---

[6] https://www.bbb.org/us/il/chicago/profile/marketing-programs/first-impression-interactive-inc-0654-88435699/customer-reviews
[7] https://800notes.com/Phone.aspx/1-801-716-1026
[8] *Id.*
[9] https://www.shouldianswer.com/phone-number/8329008630
[10] *Id.*
[11] *Id.*
[12] https://800notes.com/Phone.aspx/1-406-813-3040
[13] *Id.*
[14] https://www.shouldianswer.com/phone-number/8329008630
[15] *Id.*
[16] *Id.*

5

## PLAINTIFFS' ALLEGATIONS

**First Impression Texted Plaintiff Blackwell's Cell Phone Number Without Consent Using an Autodialer, Despite Blackwell Having Her Number Registered With the DNC**

21. Plaintiff Blackwell registered her cell phone number with the DNC on September 1, 2003 in order to avoid receiving solicitation calls and text messages. Plaintiff Blackwell's cell phone number is not associated with a business, and is for personal use.

22. On August 29, 2018 at 8:14 AM, Blackwell received an autodialed text message from Defendant using phone number 628-201-9726:



23. The domain roombuck.us is registered to Dale Brown, the COO for First Impression[17] [18] Clicking on http://roombuck.us/4bbba7a leads directly to an Airbnb website tracking leads generated by First Impression for Airbnb.

24. On August 31, 2018 at 8:31 AM, Blackwell received a second autodialed text message from Defendant, this time using phone number 678-586-1861:



---

[17] https://www.linkedin.com/in/dalejbrown/
[18] https://domainbigdata.com/roombuck.us

6

25. The domain degstate.us is registered to Dale Brown, COO for First Impression.[19]

26. Plaintiff Blackwell has never had a relationship with First Impression and has never consented to First Impression contacting her. Simply put, First Impression did not obtain Plaintiff Blackwell's prior express written consent to send unsolicited, autodialed text messages to her cell phone number that was registered on the DNC.

**First Impression Sent an Autodialed Text Message to
Plaintiff Fishman' Cell Phone Number Without Consent**

27. On August 31, 2018 at 8:31 PM, Plaintiff Fishman received an autodialed text message from Defendant:



28. The domain edright.us is registered to Dale Brown, the COO for First Impression.[20]

29. Plaintiff Fishman has never had a relationship with First Impression and has never consented to First Impression contacting her. Simply put, First Impression did not obtain Plaintiff Fishman' prior express written consent to send unsolicited, autodialed text messages to her on her cell phone number.

---

[19] https://domainbigdata.com/degstate.us
[20] https://domainbigdata.com/edright.us

7

30. First Impression's unauthorized telephone solicitations, as alleged herein, have harmed Plaintiff Blackwell and Plaintiff Fishman in the form of annoyance, nuisance, and invasion of privacy, and disturbed Blackwell and Fishman' use and enjoyment of their phones, in addition to the wear and tear on the phones' hardware (including the phones' batteries) and the consumption of memory on the phones.

31. Seeking redress for these injuries, Blackwell and Fishman, on behalf of themselves and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones, and unsolicited calls to phone numbers registered with the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiffs' TCPA Claims
Arising From Unsolicited Text Messages Sent by First Impression**

32. Plaintiff Blackwell and Plaintiff Fishman bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and all others similarly situated and seek certification of the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted (2) to the person's cellular telephone (3) using the same equipment used to send a text message to either Plaintiff, (4) for a substantially similar reason that Defendant texted either Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to text either Plaintiff, or (b) Defendant did not obtain prior express written consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class cetification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days (4) for a substantially similar reason that Defendant texted Plaintiff Fishman, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner

8

as Defendant claims it supposedly obtained prior express written consent to call/text Plaintiff Fishman, or (b) Defendant did not obtain prior express written consent.

33. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definitions following appropriate discovery.

34. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant utilized an automatic telephone dialing system to send its text messages to Plaintiffs and the members of the Classes;

(b) whether Defendant sent autodialed text messages to Plaintiffs and members of the Classes without first obtaining prior express written consent to send the texts;

(c) whether Defendant sent solicitation text messages to Plaintiff Blackwell and members of the Do Not Call Registry Class despite the fact that Defendant was sending texts to phone numbers protected by the DNC;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

9

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to either Plaintiff. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither of the Plaintiffs nor their counsel have any interest adverse to the Classes.

37. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to either Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Blackwell, Plaintiff Fishman and the Autodialed No Consent Class)**

38. Plaintiff's repeats and reallege paragraphs 1 through 37 of this Complaint and incorporates them by reference.

39. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff Blackwell, Plaintiff Fishman and the other members of the Autodialed No Consent Class using an autodialer.

40. These solicitation text messages were sent *en masse* without the consent of Plaintiff Blackwell, Plaintiff Fishman and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

41. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Blackwell, Plaintiff Fishman and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Blackwell and the Do Not Call Registry Class)**

42. Plaintiff Blackwell repeats and realleges the paragraphs 1 through 37 of this Complaint and incorporates them by reference.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

11

44. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[21]

45. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

46. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

47. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Blackwell and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

48. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Blackwell and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Blackwell and the Do Not Call Registry Class

---

[21] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiffs as the representatives of the Classes; and appointing their attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiffs and the Classes, and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs requests a jury trial.

Respectfully Submitted,

**EMMA BLACKWELL** and **BETSY FISHMAN**, individually and on behalf of all others similarly situated

Dated: March 21, 2019

/s/ *Juneitha Shambee*
Juneitha Shambee, Esq.
701 Main Street, Ste. 200A
Evanston, IL 60202
(773) 741-3602
juneitha@shambeelaw.com
Attorney No.: 6308145

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th FL

13

Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiffs and the putative Classes*

*\*Pro Hac Vice motion forthcoming*